NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VERONICA LISA DAVIS,

  Plaintiff-Appellant,

 v.

ANDREW M. SAUL, Commissioner of
Social Security,

  Defendant-Appellee.

No.   18-15985

D.C. No. 1:17-cv-00621-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Submitted April 23, 2021[**]

Before:  GOODWIN, SILVERMAN, and BRESS, Circuit Judges.

Veronica Lisa Davis appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Davis's application for supplemental

security income under Title XVI of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo. *Molina v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We reverse and remand.

The Commissioner correctly concedes that the administrative law judge ("ALJ") erred in finding, at Step Five of the sequential analysis, that Davis could perform the occupations of cashier and information clerk when there was an apparent conflict between Davis's limitation to simple, routine work and the description in the *Dictionary of Occupational Titles* ("DOT") of the reasoning level required for those two occupations, and the ALJ did not reconcile this inconsistency. *See Zavalin v. Colvin*, 778 F.3d 842, 846-47 (9th Cir. 2015). As to the occupation of counter clerk, however, there was no "obvious or apparent" conflict between the DOT and the vocational expert's testimony that Davis could work at this occupation, which required reasoning level 2, and the ALJ properly found that Davis could work as a counter clerk. *See Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).

We cannot conclude that the ALJ's error was harmless. *See Buck v. Berryhill*, 869 F.3d 1040, 1051 & n.2 (9th Cir. 2017) (error may be harmless if vocational expert has identified other jobs that claimant could do and there are a significant number of these jobs in the national economy). The vocational expert testified that for a person of Davis's residual functional capacity, age, education, and work experience, 15,000 counter clerk jobs were available nationally. But it is unclear from the ALJ's decision if the ALJ would regard 15,000 jobs as a

"significant number[]" of jobs in the national economy in the case of Ms. Davis. 42 U.S.C. § 1382c(a)(3)(B). Moreover, we cannot rely on the vocational expert's testimony regarding the additional occupations of assembler and ampoule sealer because the ALJ did not find that Davis could perform these occupations. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless.").

**REVERSED and REMANDED.**